GARDEN, JUDGE:
On the morning of September 2, 1974, the claimant, Paul Sowards, was operating his van type truck in a southerly direction on Charley’s Creek Road in Cabell County. He was accompanied by his wife, Gail Sowards, his infant daughter, Christina Sowards, and his infant son, Christopher Sowards, all of whom are also claimants in this claim. A week or so prior to the accident date the claimant, Paul Sowards, had purchased a 1966 GMC truck which had been converted into a catering van, it being his hope that he could realize additional income by attending public events and selling soft drinks, popcorn, candies and other sundries from the catering van.
On the morning of the accident he and his family were on their way to a public auction where the claimant intended to pursue his newly acquired “moonlighting” occupation. In order to reach the site of the auction, it was necessary for the claimant to traverse Charley’s Creek Road which is about 3.5 miles in length, and which we believe the evidence established was in deplorable condition. Claimants contend that the respondent was negligent in failing to maintain this strip of road in a reasonably safe condition. In any event the claimants contend that as a result of the condition of the road, the claimant, Paul Sowards, lost control of the van truck, *300 causing him to veer off of the road and down a steep embankment to his right. As the van truck rolled down the embankment the claimant, Paul Sowards, was thrown from the truck, the truck rolled over and ultimately ended on its wheels on top of the claimant, Paul Sowards, some 35 feet below the surface of Charley’s Creek Road.
Forrest E. Vance testified on behalf of the claimants. Mr. Vance testified that since 1970 he had traveled Charley’s Creek Road on a daily basis; that in 1970 the road was in poor condition and that he had spoken to employees of the respondent at the Barboursville headquarters but no results were obtained; that in 1974 he spoke to a Mr. Canfield in Commissioner Ritchie’s office but again no repairs were effected. After the accident Mr. Vance saw the van over the hill, and he testified that where the van had gone over the hill, Charley’s Creek Road was covered with holes, some 8 to 10 inches deep. Mr. Vance’s testimony in respect to respondent being on notice of the condition of the road and in respect to the deplorable condition of the road was corroborated by witnesses Clay E. Byrd, Preston Miller and William E. Smith, Jr., who was an inspector for respondent from June of 1970 to November of 1971.
On behalf of the respondent Trooper Stanley Farley of the Department of Public Safety testified as to the results of his investigation of the accident. On cross-examination he admitted that the road was rough and that holes were present. He stated the road was not blacktopped and was deteriorating. William E. Bell, former assistant county maintenance supervisor for Cabell County, from March 1,1974 and most of 1975, testified that Charley’s Creek Road, being a secondary route, received routine maintenance in the spring and fall of 1974. He stated that in June or July of 1974 the road was graded and that slag was applied where needed. At the same time some of the ditch lines were pulled with the remainder being pulled in the fall of that year. Mr. Bell admitted that there were holes in the road, some the size of teacups and others the size of a football.
This is not a claim where an injured claimant has struck an isolated pothole on a West Virginia road. Those claims, unless unusual circumstances are present, are uniformly denied by this Court. Here however, we believe that the testimony abundantly demonstrated that Charley’s Creek Road was not maintained in a reasonably safe condition and that the respondent, through many notices, knew or should have known of this condition. While the *301 respondent is not an insurer for the safety of those using the highways in this State, we do feel in those cases where the respondent has actual notice of a deplorable and dangerous condition in a highway or road, that it should take at least some steps to remedy the condition for the sake of motorists who are required to use such highway or road.
All of the claimants were taken to St. Mary’s Hospital in Huntington. Christopher Sowards was treated for abrasions and shock and released, and thereafter sought no further medical treatment. A hospital bill for his treatment was rendered in the amount of $70.50. Christina Sowards received a laceration of the left upper lid, a laceration of the left forehead, a laceration of the left scalp and a laceration of the right hand. These lacerations were repaired by Dr. Ali A. Garmestani, a plastic surgeon. The scars resulting from these lacerations are permanent in nature. Dr. Garmestani rendered a bill for $180.00 for his services, and Christina’s hospital bill amounted to $53.50. The claimant’s wife, Gail Sowards, received numerous contusions in the accident, but she did not require any medical treatment or services.
As earlier indicated, the claimant, Paul Sowards, was thrown from the van, and when it came to rest the claimant was pinned under it. He was admitted as a patient at St. Mary’s Hospital where he remained until September 9, 1974, under the care of Dr. Robert W. Lowe, an orthopedic specialist. His injuries were diagnosed by Dr. Lowe as a fracture of the right proximal humerus in the subcapital region, acute cervical strain, sprain and strain of the thoracic girdle area and an abrasion and laceration of the right side of his abdomen. Upon admission to the hospital, it was detected that the claimant was suffering from high blood pressure, and Dr. John F. Otto, an internist, was called in consultation, and Dr. Otto successfully treated the claimant for this condition through medication.
Mr. Sowards was unable to resume his employment at ACF Industries until October 28, 1974, and as a result lost a total of $907.01. He continued to consult Dr. Lowe, who last saw him on February 10, 1976, at which time he was still suffering pain in his thoracic area. In addition to the loss of wages set forth above, the claimant’s total medical expenses amounted to $1,078.05. His van was destroyed as well as its contents and inventory, all of which were valued at a total of $1,650.00.
Believing that liability on the part of the respondent exists, we award the claimant, Paul Sowards the sum of $11,000.00, the *302 claimant, Christina Sowards the sum of $500.00, and to the claimants, Christopher Sowards and Gail Sowards, the sum of $250.00 each.
Award of $11,000.00 to Paul Sowards.
Award of $500.00 to Christina Sowards.
Award of $250.00 to Christopher Sowards.
Award of $250.00 to Gail Sowards.